UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS A BRAUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-00744-RLY-TAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel April 13, 2015, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that the decision of the Commissioner be affirmed, and that Plaintiff's brief in support of appeal be denied.

THE COURT: All right. I will now give you my recommended decision in this case. Plaintiff, Thomas Braun, filed an application for benefits alleging disability beginning on January 1, 2011, due to chronic obstructive pulmonary disorder, sleep apnea, bleeding esophageal ulcers, anemia, left shoulder tendonitis, right rotator cuff weakness, and depression.

Following initial denials of his application, an ALJ held a hearing on August 13, 2013. Plaintiff was represented by counsel at the hearing and testified as did Gayle H. Franklin, a vocational expert. On January 14, 2013, the ALJ issued a decision denying Plaintiff's claim. On March 11, 2014, the appeals counsel upheld the ALJ's decision and denied the request for review. This appeal followed.

The underlying facts are not in substantial dispute. Plaintiff was 53 years old at the time of the alleged onset date and had a high school education. He also had past relevant work as a security guard and as a driver. Plaintiff collected unemployment benefits and looked for employment after his alleged onset date. However, at the time of the hearing and for a little over a year before that, Plaintiff was living out of his car with his wife and three puppies.

In June 2011, Plaintiff presented to the emergency room with stomach pain and blood in his stool. An endoscopy revealed a bleeding ulcer which was cauterized to stop the bleeding. The examining physician also noted that Plaintiff had possible emphysema or COPD but that he was "not terribly symptomatic." Record at 210.

The only other treatment Plaintiff sought in 2011 was in October of 2011 for elbow pain after painting his house. Plaintiff had swelling in his elbow but normal strength and sensation and he denied any other symptoms. Record at 279 through 282.

Plaintiff underwent a consultative examination at the request of the agency in September 2011. He denied shortness of breath, abdominal pain or chest pain and physical examination was normal. Record at 257 through 59.

Plaintiff stated that he could lift 25 pounds with his right arm and 45 pounds with his left. Record at 257. His testimony before the Administrative Law Judge was that he could lift approximately 15 pounds. Two state agency physicians reviewed the evidence prior to the administrative hearing following the consultative examination and concluded that Plaintiff could perform the full range of medium work activity. Record at 263 through 69 and 286.

Plaintiff sought treatment from Christen Prible, a medical doctor, between April and September 2012. Plaintiff repeatedly stated that he was not interested in trying to quit smoking, which is reflected in her medical records. His primary complaints were bilateral shoulder pain

and shortness of breath with increasing need to use his inhaler during physical exertion. Record at 289 through 94. Plaintiff's shoulders were tender and on one occasion he had some shoulder weakness, but physical examinations were otherwise normal. Dr. Prible commented that Plaintiff's pulmonary function test results showed that his COPD was "not very severe." Record at 289, 291, and 302 through 03. An April 2012 sleep study was positive for sleep apnea. Plaintiff responded well to the CPAP treatment but was unable to use the CPAP machine while living in his car due to a lack of any power source. Plaintiff denied any ongoing reflux symptoms. Plaintiff smoked cigarettes for 40 years and was not interested in quitting as set forth in the medical records. Record at 290.

Plaintiff alleges two errors on appeal. First, Plaintiff argues that the vocational expert's testimony was flawed. Second, Plaintiff alleges the ALJ improperly discredited his credibility based on alleged noncompliance with treatment. Plaintiff contends that because he is homeless and without finances to follow through with medication and treatment, the ALJ's decision violated Social Security Ruling 96-7P.

In considering this appeal, the ultimate issue is whether the ALJ's decision is supported by substantial evidence, *Griffith v. Callahan*, 138 F.3d 1150, 1152 (7th Cir. 1998); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The ALJ found that Plaintiff could perform a reduced rate of light work, and relying on the testimony of a vocational expert, that he could perform a significant number of jobs despite his functional limitations. In my view, the ALJ's findings are supported by substantial evidence.

Looking at this case broadly, the ALJ's decision is supported by the opinions of the reviewing state agency physicians and the normal examination findings of the consultative physician. There are no contrary medical opinions of record. Indeed, this is not a case in which

3

the ALJ was presented with markedly conflicting evidence from various medical sources and had to make a determination. In fact, the ALJ's RFC finding is much more deferential to Plaintiff's subjective complaints than the opinions of the state agency physicians who opined that Plaintiff could perform the full range of medium work. Record at 263 through 69 and 286. The ALJ gave significant deference to Plaintiff's subjective complaints despite the relative lack of objective medical evidence to support those complaints and included limitations related to Plaintiff's shortness of breath, shoulder problems, alleged depression, and COPD.

Contrary to Plaintiff's contention, the ALJ did not fault Plaintiff for failing to follow through with prescribed treatment such as his CPAP machine. The ALJ did mention Plaintiff's failure to use the CPAP machine, but also noted that the reason for this was that Plaintiff was homeless. Record at 21. The ALJ's focus was not on Plaintiff's failure to follow through with his treatment, but rather, on the relatively normal objective medical findings in the record, which he reasonably determined showed that Plaintiff was doing quite well despite his various impairments. Record at 23.

The ALJ's finding is supported by substantial evidence which shows that Plaintiff denied reflux symptoms following his June 2011 cauterization. Plaintiff's September 2011 physical examination was entirely normal. Plaintiff's pulmonary function testing showed that his COPD symptoms were not very severe. Plaintiff had normal strength and sensation in his arms and hands except on one occasion.

Considering this evidence, I agree with Defendant that it was quite deferential for the ALJ to find that Plaintiff was limited to work that required numerous environmental restrictions, did not require more than occasional use of his arms and hands, allowed him to alternate as needed between sitting and standing, and limited him to simple routine repetitive tasks. Plaintiff

4

has not cited to any evidence to show that he was more limited than the ALJ found.

Plaintiff claims that the testimony in and questioning of the VE is "convoluted and erroneous." Filing No. 11 at page 8. Plaintiff's attack on the vocational expert, however, fails.

Plaintiff contends that when presented with a second hypothetical, the VE "backpedaled" and upon "encouragement" by the ALJ, the VE relented and testified that Plaintiff could perform the job of gate attendant.

I have reviewed the VE's testimony at pages 51 through 57 of the record, and it is not nearly as nefarious as Plaintiff makes it out to be. The vocational expert initially testified in response to the ALJ's second hypothetical that Plaintiff could not perform the gate attendant position. The ALJ responded by asking the VE what led him to that conclusion. The ALJ asked the VE whether ordinarily such a position would be limited to occasional use of the hands. The VE then reconsidered the hypo and concluded that Plaintiff would be able to perform the gate attendant position. The vocational expert then distinguished the position from the arcade attendant position, which the VE said would involve giving out tokens and tickets and making change, and thus the Plaintiff could not perform. Record at pages 55 through 56.

Plaintiff takes issue with the vocational expert's testimony that an individual could perform the gate attendant job despite a need to only occasionally use his arms and hands because that job, as described in the DOT, requires a significant amount of ticket handling. However, as Plaintiff's counsel acknowledged during oral argument, nowhere in the gate attendant job description, which Plaintiff cites in its entirety in his brief, does it state that the position requires "significant" handling of tickets or other items. Moreover, as a smoker, it seems reasonable that Plaintiff would be able to use his hands for smoking, lighting a cigarette, and otherwise engaging in the act of smoking. Defendant points out possible duties of this job

include examining tickets or passes, denying admittance to patrons due to numerous factors, such as improper attire or intoxication, and directing patrons to their seats, none of which, arguably, requires an individual to use his arms or hands more than occasionally. Filing No. 14 at page 6.

Therefore, there is no obvious conflict between the vocational expert's testimony and the DOT description of the gate attendant job. Moreover, Plaintiff was represented by counsel at the administrative hearing. Plaintiff's counsel did not object to this job during the hearing or ask the VE a single question even though the ALJ offered counsel the opportunity.

The ALJ may rely on the uncontested testimony of a vocational expert even if that testimony appears to differ from the information in the DOT. [Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002)](). Plaintiff did not bring forth any evidence at the time of the hearing that the vocational expert's testimony conflicted with information in the DOT, and there was no apparent conflict in the record.

The other arguments Plaintiff raised at oral argument, specifically relating to the sit-stand option and the number of jobs in the national economy, were not raised in Plaintiff's briefs, and as counsel for Defendant pointed out at oral argument have, therefore, been waived.

Accordingly, I find that the ALJ's decision is supported by substantial evidence. I will ask the court reporter to transcribe that portion of this decision that reflects the Court's ruling, and I will have that filed on the record. Any objection to this recommended decision must be made within 14 days of the filing of that transcript. Thank you very much for your arguments this morning.

Dated: 5/21/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Ashley D. Marks
HANKEY LAW OFFICE
adm@hankeylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Carole J. Kohn
US SOCIAL SECURITY ADMINISTRATION
carole.kohn@ssa.gov